IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

           Plaintiff,

v.                                                                                   OPINION and ORDER

DREW SEVERSON, JOHN DOE SWITCHBOARD                  21-cv-555-jdp
OPERATOR, and JOHN DOE OFFICER,

           Defendants.

---

TIMOTHY LEE STEWART, SR.,

           Plaintiff,

    v.

ATTY. RYAN TRUESDALE,
ATTY. JASYME BAYNARD, ATTY. KILEY ZELLNER,           OPINION and ORDER
INSTITUTION (BUSINESS) WIRTH + BAYNARD,
LAW FIRM, L.L.C., SGT. DREW SEVERSON,                23-cv-249-jdp
SUPERVISOR EMPLOYEE JANE / JOHN DOE(S),
INSTITUTION J.P.D. (BUSINESS), and
JANE / JOHN DOE(S) CITY OF JANESVILLE POLICE
OWNER,

           Defendants.

---

In case No. 21-cv-555-jdp, plaintiff Timothy Stewart alleges that Janesville Police Department officials blocked his attempt to make an anonymous complaint of misconduct against defendant Sergeant Drew Severson. One of Stewart's tasks in that case was to use discovery methods to obtain the identities of defendants John Doe switchboard operator and John Doe officer. Stewart, stating that defendant Severson has submitted "perjured" responses to his discovery requests aimed at identifying those defendants, has filed various motions in this case and a new lawsuit about those responses, No. 23-cv-249-jdp.

Stewart says that counsel for Severson responded to his discovery requests by falsely stating that they could not recover the identities of the John Doe switchboard operator or officer, but that when Stewart called the police department himself, he was able to obtain that information. Police staff also told him that no one else had asked them for this information. In his new lawsuit, he sues Severson, Severson's counsel and law firm, and various other Janesville Police Department officials for perjury. He attempts to bring these claims in the brand-new '249 case and in a proposed amended complaint in the '555 case.

These allegations do not state a standalone claim for relief. "The general rule . . . is that in the absence of statute, no action lies to recover damages caused by perjury or subornation of perjury." *Patton v. Indiana Univ. Bd. of Trustees*, No. 20-cv-699, 2022 WL 3716522, at *18 (S.D. Ind. Aug. 29, 2022) (internal quotation omitted). The closest cause of action that a plaintiff might bring for this type of alleged misconduct is an access-to-the courts claim under 42 U.S.C. § 1983. To succeed on this type of claim, a plaintiff must show that he was, or is, suffering an "actual injury" by being "frustrated" or "impeded" in bringing a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 353–55 (1996). The injury must be a specific hinderance related to a lawsuit, *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017), "such as the dismissal of a complaint or an inability to file a complaint at all," *Beese v. Todd*, 35 F. App'x 241, 243–44 (7th Cir. 2002).

Stewart's allegations do not meet this standard because he has alleged at most only a slight delay in ascertaining the identities of the John Doe defendants; Stewart has now identified them as Aisha Brunton and Micheal Palmer. I will allow him to amend his complaint in the '555 case to name these defendants. But I will dismiss the '249 case for Stewart's failure

2

to state a claim upon which relief may be granted and I will deny his request to amend his complaint in the '555 case to add perjury or access-to-the-courts claims.

This dispute isn't the basis for a new lawsuit; it's really a dispute over discovery that belongs in the '555 case. Stewart filed what I construe as a motion to compel discovery, Dkt. 36 in the '555 case, that appears to be mooted by his own discovery of the John Doe defendants' identities. But because I take Stewart to be suggesting that Severson or his counsel should be sanctioned for their discovery misconduct, I will give Severson a short time to respond to this motion. I will take appropriate action once I have Severson's (and his counsel's) view of the events.

Stewart moves for reconsideration of my denial of his request to subpoena high-ranking government officials, including former presidents Obama and Trump. Dkt. 37. I will deny that motion.

ORDER

IT IS ORDERED that:

1. Case No. 23-cv-249-jdp is DISMISSED for plaintiff Timothy Stewart's failure to state a claim upon which relief may be granted.

2. In Case No. 21-cv-555-jdp:

    - Aisha Brunton and Micheal Palmer are ADDED to the caption in place of the John Doe defendants.

    - The clerk of court is directed to ensure that the United States Marshals Service serves defendants Brunton and Palmer with a copy of plaintiff's operative complaint at Dkts. 13 and 28, this order, and the court's screening orders at Dkts. 15 and 31. Plaintiff should not attempt to serve defendants on his own at this time.

    - Plaintiff's motion to otherwise amend the complaint, Dkt. 38, is DENIED.

    - Plaintiff's motion to compel discovery, Dkt. 36, is DENIED as moot.

- Defendant may have until May 10, 2023, to respond to plaintiff's motion for discovery sanctions, Dkt. 36. Plaintiff may have until May 17, 2023 to reply.

- Plaintiff's motion for reconsideration, Dkt. 37, is DENIED.

Entered April 27, 2023.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge